| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | <u>**NOT FOR PUBLICATION**</u> |
| UNITED STATES,<br><br>　　　　　　　　　Plaintiff,<br><br>　　– against –<br><br>TED DAVIS,<br><br>　　　　　　　　　Defendant. | <br><br><u>**MEMORANDUM & ORDER**</u><br><br>96-CR-912 (ERK) |

KORMAN, *J.*:

## BACKGROUND

I assume familiarity with the procedural history and factual background of this case. Defendant Ted Davis seeks to have his sentence reduced under the First Step Act. DE No. 454. On April 14, 2020, I denied this motion summarily and without oral argument because Davis had not exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A). Davis moved for reconsideration and suggested that he had been denied the benefit of oral argument. I then agreed to hear oral argument on his motion for reconsideration. On May 5, I heard approximately three hours of oral argument, during which I indicated that I agreed with the United States Attorney that the defendant failed to exhaust his administrative remedies—a precondition seeking obtaining relief that he seeks. I see no need to repeat here each of those arguments. Nevertheless, I highlight the U.S. Attorney's most persuasive argument with respect to § 3582(c)(1)(A).

## ANALYSIS

Under the First Step Act of 2018, "[t]he court may not modify a term of imprisonment once it has been imposed except that – (1) in any case:

> (A) upon motion of the Director of the Bureau of Prisons, or upon motion of the
> defendant after the defendant has fully exhausted all administrative rights to appeal

1

> a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

18 U.S.C. § 3582(c)(1)(A). Moreover, the very next subsection, 18 U.S.C. § 3582(d)(2)(C), provides that BOP shall make available to prisoners upon demand, notice of:

> (i) a defendant's ability to request a sentence reduction pursuant to subsection (c)(1)(A); (ii) the procedures and timelines for initiating and resolving requests described in clause (i); and (iii) <u>the right to appeal a denial of a request described in clause (i) after all administrative rights to appeal within the Bureau of Prisons have been exhausted</u>. (Emphasis added).

Before proceeding to analyze the statute, it is useful to rehearse the applicable rules of statutory construction. Whether a statute is plain or ambiguous "is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341 (1997). Moreover, it is a "cardinal principle of statutory construction that courts must give effect, if possible, to every clause and word of a statute." *Williams v. Taylor*, 529 U.S. 362, 364 (2000). To the extent one provision, read in isolation, may be ambiguous, the meaning of provision is "clarified by the remainder of the statutory scheme . . . [when] only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law." *United States v. Cleveland Indians Baseball Co.,* 532 U.S. 200, 217–18 (2001) (quoting *United Sav. Ass'n. of Tex. v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 371 (1988)). "Unquestionably the courts, in interpreting a statute, have some 'scope for adopting a restricted rather than a literal or usual meaning of its words where acceptance of that meaning would lead to absurd results . . . or would thwart the obvious purpose of the statute.'" *Comm'r v. Brown*, 380 U.S. 563, 571 (1965).

Against this backdrop, I turn to Davis's argument that he was not required to exhaust his administrative remedies before seeking judicial relief. Instead, he argues that, once he submitted his request on September 6, 2019, to the warden of the facility in which he was housed, he could

2

seek judicial relief after 30 days, notwithstanding that he neglected to exhaust his administrative remedies once the warden denied his request on September 13. This argument is difficult to square with each of the applicable canons of statutory construction outlined above, and particularly the "cardinal principle of statutory construction that courts must give effect, if possible, to every clause and word of a statute." *Williams*, 529 U.S. at 364. As the U.S. Attorney persuasively argues, Davis's "reading of the provision renders superfluous the phrase 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf.'" DE No. 496 at 4. This essentially deletes 22 words from § 3582(c)(1)(A), and amends the provision to permit a defendant to apply for relief in the district court "upon motion of the Director of the Bureau of Prisons, or . . . the lapse of 30 days from the receipt of such a request [to bring a motion on the inmate's behalf] by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

This reading of § 3582(c)(1)(A) "converts a statutory command that inmates 'fully exhaust[] all administrative rights to appeal' into a waiting period that does not require inmates to pursue any administrative appeal from a warden's denial." *Id.* at 10. Indeed, under this reading, an inmate would never have a reason to exhaust his administrative remedies, since he could simply make a motion in the district court after waiting for 30 days following his submission of his request to the warden. While the defendant suggests that such a reading makes sense, because of Congress's intent to speed the process of obtaining a judicial forum, even that argument is hard to reconcile with the language of the statute. Although the 30-day window speeds the process by limiting the warden's ability to delay a request by sitting on it, under Davis's interpretation, there would be no reason to require the defendant to wait for 30 days for the warden to act. On the contrary, "[i]t seems odd that Congress would allow a defendant to short-circuit the Bureau of Prison's administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request." *United States v. Miller*, 2020 WL 113349 at *2 (D. Idaho

3

Jan. 8, 2020). This oddity calls to mind the canon of construction that "courts, in interpreting a statute, have some 'scope for adopting a restricted rather than a literal or usual meaning of its words where acceptance of that meaning would lead to absurd results . . . or would thwart the obvious purpose of the statute.'" *Commissioner v. Brown*, 380 U.S. 563, 571 (1965).

Moreover, even if § 3582(c)(1)(A) were ambiguous when read in isolation, its meaning is "clarified by the remainder of the statutory scheme." *Cleveland Indians Baseball Co.,* 532 U.S. at 217–18 (2001). Indeed, the very next subsection requires that BOP facilities provide notice to inmates regarding "the right to appeal a denial of a request described in clause (i) after all administrative rights to appeal within the Bureau of Prisons have been exhausted." 18 U.S.C. § 3582(d)(2). This leaves no doubt that Congress did not intend to short-circuit the necessity for an inmate to exhaust administrative remedies.

I have only briefly addressed the issues of this case because of the extraordinarily lengthy oral argument in which I stated my views fairly clearly. The only reason I reserved decision was to consider whether I would be willing to say that, were it not for defendant's failure to exhaust his administrative remedies, I had the power, and would exercise it, to entertain the merits of defendant's motion. As Probation indicated in its memorandum of September 30, 2019, the defendant's motion for relief on the merits is indeed sympathetic. Nonetheless, I find the issue of my authority to reach the merits of this motion problematic, and I decline to reach it.

## CONCLUSION

The defendant's motion for reconsideration is denied.

SO ORDERED.

*Edward R. Korman*

Brooklyn, New York
May 18, 2020

Edward R. Korman
United States District Judge