UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

United States of America

**MEMORANDUM & ORDER**

96-cr-912 (ERK)

– against –

Ted Davis

KORMAN, *J.*:

Ted Davis was convicted in 1997 of conspiring to commit Hobbs Act robbery,

substantive Hobbs Act robberies, attempted Hobbs Act robberies, and two counts

under 18 U.S.C. § 924(c).  Mr. Davis committed these crimes at the ages of 17 and

18.  I sentenced Mr. Davis to a total of 435 months' imprisonment based on the then-

mandatory Guideline range and the mandatory consecutive sentence of 300 months'

imprisonment for the two § 924(c) counts.

In October 2019, Mr. Davis filed a motion for compassionate release under 18

U.S.C. § 3582(c)(1)(A)(i), which provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon
> motion of the defendant after the defendant has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days from the receipt of
> such a request by the warden of the defendant's facility, whichever is earlier,
> may reduce the term of imprisonment (and may impose a term of probation
> or supervised release with or without conditions that does not exceed the
> unserved portion of the original term of imprisonment), after considering the

1

factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction[.]

The U.S. Attorney argued that Mr. Davis failed to exhaust his administrative remedies because, although he submitted a request to the warden to bring a motion on his behalf, the warden had responded within 30 days and Mr. Davis did not then complete all administrative appeals within the Bureau of Prisons.  Mr. Davis, on the other hand, argued that because 30 days had passed since he made his initial request to the warden, he satisfied the statute's exhaustion requirement.

I initially agreed with the U.S. Attorney and denied Mr. Davis's motion for failure to exhaust, reasoning that Congress likely did not intend to "allow a defendant to short-circuit the Bureau of Prisons administrative procedures simply by waiting 30 days after filing his request" when the warden had timely responded to a defendant's request.  Order dated Apr. 14, 2020 (quoting *United States v. Miller*, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020)).  I adhered to that view following Mr. Davis's motion for reconsideration, noting that under his reading, "an inmate would never have a reason to exhaust his administrative remedies, since he could simply make a motion in the district court after waiting for 30 days following his submission of his request to the warden." *United States v. Davis*, 2020 WL 2522079, at *2 (E.D.N.Y. May 18, 2020).  Mr. Davis appealed these orders to the Court of Appeals.

2

While that appeal was pending, I learned from the Probation Department that the Bureau of Prisons had embraced the position on exhaustion advanced by Mr. Davis.  The Chief Probation Officer spoke with senior officials in the Bureau of Prisons' Office of the General Counsel and informed me of the following in an email:

> [T]he BOP's position is that the First Step Act provides that once an inmate files a motion for compassionate release/reduction in sentence with the warden of his facility, if the inmate does not receive a final agency decision within 30 days (no matter where in the administrative process his/her motion may be), the administrative process would be effectively deemed exhausted and the inmate would be entitled to petition the district court for compassionate release/reduction in sentence. In short, the BOP OGC deems the administrative process exhausted no later than 30 days after the movant brings his petition to the Warden of the facility in which he is housed, no matter what the stage of the proceedings are on the 30th day.

ECF No. 522.  I then advised the Court of Appeals that, if it were to remand Mr. Davis's appeal, I would vacate my order denying reconsideration and grant it, "based on what now appears to me to be the policy of the Bureau of Prisons, consistent with the language of 18 U.S.C. § 3582(c)(1)(A), adopting Mr. Davis's position with respect to the issue raised on appeal."  Order dated Aug. 20, 2020.  Although the U.S. Attorney's arguments on exhaustion were colorable, forcing a defendant to exhaust all administrative appeals with the Bureau of Prisons, even if it will take more than 30 days, serves no purpose when the Bureau of Prisons itself does not view that as a precondition to filing a motion in federal court.  On the Bureau's view, there is no incentive for it to process administrative appeals in a timely fashion or to compile an administrative record for courts to review.  It can simply do nothing with

the knowledge that the prisoner can bring his own motion after 30 days. There is no sense to enforcing a gatekeeping requirement that the gatekeeper actively disclaims. *Cf. Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006).

After the Court of Appeals remanded the case, I held oral argument during which I granted Mr. Davis's motion to reduce his sentence to time served for the reasons stated on the record. Most significantly, the sentence I had been forced to impose was inordinately lengthy, particularly when taking into account Mr. Davis's youth at the time of his crimes, his relative lack of culpability compared to his co-defendants, and his post-offense rehabilitation. *See United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020); *United States v. Haynes*, 456 F. Supp. 3d 496, 514–16 (E.D.N.Y. 2020); *United States v. Ellerby*, 95-cr-77 (CBA), ECF No. 172 at 5–7 (E.D.N.Y. Apr. 29, 2020).

For these reasons, I vacated my order and prior opinion and granted Mr. Davis's motion for compassionate release.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York
November 17, 2020

Edward R. Korman
United States District Judge

4